IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-02840-MSK-MEH

ASA MEEK,

      Plaintiff,

v.

TOM CLEMENTS, Executive Dir.,
ARISTEDES ZAVARAS, old Ex. Dir.,
KEVIN MILYARD, Warden,
CAPTAIN BROOKS,
LT. FICUS,
CATHERINE HOLST, AIC Coordinator,
PAULA FRANTZ, Chief Medical Officer,
DIAZ, Transport Officer, and
MERRELL, Transport Officer, 1st Responders Jane and John Does,

      Defendants.

---

## ORDER GRANTING STAY OF DISCOVERY

---

**Michael E. Hegarty, United States Magistrate Judge.**

      Before the Court is Defendants' Motion to Stay Discovery [filed February 21, 2011; docket #40]. The motion is referred to this Court for disposition. (Docket #41.) Oral argument would not materially assist the Court in its adjudication. For the reasons that follow, the Court **GRANTS** the motion to stay discovery.

## I.     Background

      Plaintiff brings this action pursuant to 42 U.S.C. § 1983, alleging violations of the Eighth Amendment to the United States Constitution, and to 42 U.S.C. § 12101 *et seq.*, alleging a violation of Title II of the Americans with Disabilities Act (ADA). (*See* Amended Complaint, docket #31.) The Defendants responded to Plaintiff's Amended Complaint by filing a motion to dismiss, in which they assert (among other defenses) entitlement to absolute (official capacity claims) and qualified

(individual capacity claims) immunity.  (Docket #39.)  In the motion at hand, Defendants request

that discovery be stayed pending resolution of the immunity defenses and jurisdictional challenges

stated in their motion to dismiss.

## II.    Discussion

The Supreme Court established that evaluating the defense of qualified immunity is a

threshold issue, and "[u]ntil this threshold immunity question is resolved, discovery should not be

allowed."  *Siegert v. Gilley*, 500 U.S. 226, 233 (1991) (citing *Harlow v. Fitzgerald,* 457 U.S. 800,

818 (1982)); *Workman v. Jordan,* 958 F.2d 332, 336 (10th Cir. 1992) (same).  However, the defense

of qualified immunity "is not a bar to all discovery."  *Rome v. Romero*, 225 F.R.D. 640, 643 (D.

Colo. 2004).  There are certain circumstances when discovery is permissible despite an assertion of

qualified immunity, including cases alleging official-capacity claims, requests for injunctive (as

opposed to monetary) relief, and claims against entities, not individuals.  *See Rome*, 225 F.R.D. at

643.  Additionally, permitting discovery up until the point that qualified immunity is raised may be

appropriate, particularly when the defense is not advanced until the filing of a motion for summary

judgment.  *Id*. at 643-44.

Defendants raise absolute (official capacity claims) and qualified (individual capacity claims)

immunity as defenses in their pending motion to dismiss.  Plaintiff sues each of the Defendants in

both their official and individual capacities.  Plaintiff seeks money damages and requests injunctive

relief on behalf of other inmates.[1]  (*See* docket #31-1 at 10.)  The case is still in the early stages of

litigation; no scheduling conference has been held, and Defendants responded to Plaintiff's

Amended Complaint with the pending motions to dismiss that could fully dispose of Plaintiff's

---

[1]A pro se prisoner may not bring claims on behalf of other inmates.  *See Fymbo v. State Farm Fire & Cas. Co.*, 213 F.3d 1320, 1321 (10th Cir. 2000) ("A litigant may bring his own claims to federal court without counsel, but not the claims of others.").  Thus, Plaintiff's claim for injunctive relief is likely improper in this matter.

claims before engaging the discovery process.

The Court has broad discretion to stay proceedings as incidental to its power to control its own docket. *See Clinton v. Jones*, 520 U.S. 681, 706-07 (1997) (citing *Landis v. North American Co.*, 299 U.S. 248, 254 (1936)). Legal questions regarding the court's subject matter jurisdiction should be resolved as early as possible in the litigation, before incurring the burdens of discovery. *See Behrens v. Pelletier,* 516 U.S. 299, 308 & 310 (1996) (noting that discovery can be particularly disruptive when a dispositive motion regarding immunity is pending); *Moore v. Busby*, 92 F. App'x 699, 702 (10th Cir. 2004) (affirming trial court's stay of discovery pending resolution of absolute immunity question*); Albright v. Rodriguez*, 51 F.3d 1531, 1534 (10th Cir. 1995) ("the Supreme Court has repeatedly 'stressed the importance of resolving immunity questions at the earliest possible stage in litigation.'" (citation omitted)). Considering the early filing of the motions to dismiss premised on immunity and jurisdiction, that the suit is filed for money damages against defendants named in their individual capacities, and that Plaintiff's request for injunctive relief, on its face, may likely fail, the Court finds that the circumstances evaluated in *Rome* are inapplicable to the case at hand. In light of the governing case law as stated herein, the Court concludes that a temporary stay of discovery as to all Defendants is appropriate in this matter, pending resolution of the motion to dismiss.

## III.    Conclusion

Accordingly, for the reasons stated above, it is hereby ORDERED that Defendants' Motion to Stay Discovery [filed February 21, 2011; docket #40] is **granted**. Discovery as to all Defendants is temporarily stayed pending resolution of the motion to dismiss. The parties shall file a status report within ***three business days*** of receiving a ruling on the motion to dismiss, indicating what scheduling, if any, is needed. The Scheduling Conference set for March 13, 2012, is hereby **vacated**.

3

Entered and dated at Denver, Colorado, this 2nd day of March, 2012.

BY THE COURT:

Michael E. Hegarty
United States Magistrate Judge